IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LYNN WATERS,

      Plaintiff,                     No. 2:11-cv-2510-JAM-DAD P

   vs.

L. DAVEY, et al.,

      Defendants.            <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se. He initiated proceedings in this court on September 22, 2011 be filing a motion for preliminary injunction. Out of an abundance of caution, the Clerk of the Court opened this civil action in response to that filing and the court issued plaintiff new case documents and instructions. On March 8, 2012 plaintiff filed another motion seeking a preliminary injunction and on March 28, 2012 a motion seeking release from lockdown status at his institution of confinement.

        Because his initial filing in this action was a motion for a preliminary injunction, o May 9, 2012, the court advised plaintiff that in order to commence a civil action he was required to file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure and to either file an application to proceed in forma pauperis or the $350.00 filing fee. (<u>See</u> Doc. No. 7 at 1.) Instead, on June 4, 2012, plaintiff filed a document styled, "Motion To Compel Prison

1

Officials To Take Plaintiffs [sic] Trust Statement Away From Counselor J.J. Lynch . . . " and a motion for an extension of time to file his "amended complaint." (Doc. No. 8 & 9.)

Plaintiff's motion to compel will be denied since plaintiff has not properly commenced this action by filing a complaint. In addition, the court is not persuaded that prison authorities have violated any laws or regulations by allowing plaintiff's counselor to mail plaintiff's trust account statement to the court, regardless of the fact that plaintiff's counselor may be a defendant in this action. The court will provide plaintiff with an extension of time to submit his application to proceed in for pauperis and a certified copy of his trust account statement. The court will also grant plaintiff's request for an extension of time to file a complaint pursuant to the court's order of May 9, 2012.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 4, 2012, motion to compel (Doc. No. 8) is denied;

2. Plaintiff's June 6, 2012 motion for an extension of time (Doc. No. 9) is granted;

3. Within thirty days from the service of this order, plaintiff shall file a complaint as set forth in the court's May 9, 2012 order, and an application to proceed in forma pauperis with a certified copy of his trust account statement; and

4. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: June 13, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kly/4
wate2510.36com