UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS, | No. 2:11cv02510 JAM DAD P |
| Plaintiff, | |
| v. | ORDER |
| L. DAVEY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. Findings and Recommendations Filed July 19, 2012**

On July 19, 2012 the undersigned issued findings and recommendations recommending that this action be dismissed without prejudice due to plaintiff's failure to file a complaint[1] and either the required filing fee or an application to proceed in forma pauperis. (ECF No. 11.) Plaintiff has filed objections to those findings and recommendations along with his complaint and an in forma pauperis application. In the interest of justice, the July 19, 2012 findings and recommendations will be vacated.

---

[1] Plaintiff commenced this action by filing a motion for preliminary injunction (ECF No. 1) but did not then file a complaint.

1

## II. Application for Leave to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. Plaintiff's Complaint (ECF No. 13)

As noted, plaintiff commenced this action by filing a motion for preliminary injunction. The court ordered plaintiff to file a complaint, which plaintiff eventually filed after the court issued the findings and recommendations recommending dismissal referred to above. In his complaint now before the court, plaintiff has named as defendants Counselor J.J. Lynch who is employed at California State Prison - Sacramento (CSP-Sacramento), and defendants Warden Virga, Dr. Morgan and Captain Carter who are each employed at CSP-Corcoran.

Plaintiff alleges that the defendants are retaliating against him "for filing complaints." (ECF No. 13 at 3.) Plaintiff does not provide any further factual allegations in support of this retaliation claim. Instead, plaintiff's complaint sets forth only disjointed information which does not appear to be pertinent to his claim of retaliation. The court is unable to determine if plaintiff is making additional claims or if the allegations are intended to somehow relate to plaintiff's retaliation claim. For example, plaintiff alleges that a "false 9-18-08 report" has been placed in his central file and this report has been "used to keep plaintiff on lock-down for refusing to double cell." (Id.) Plaintiff asserts that defendants Virga, Morgan and Carter gave authority to defendant Lynch to "deal with plaintiffs [sic] case the way he wanted." (Id. at 5.) Plaintiff also

1  contends that a golf cart is used to transfer groups of inmates and that he does not wish to ride the
2  golf cart. (Id. at 7.) There are also allegations in plaintiff's concerning ombudsman Sonya Valle
3  and her allegedly "false statement" to plaintiff's father that plaintiff was involved in a cell fight
4  with his cellmate. (Id.) Plaintiff contends that at the Director's level of review of his inmate
5  grievance, he was granted single cell status but that the decision rendered in this regard has been
6  disregarded. (Id. at 8.)

**IV. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

(1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**V. Legal Standards Applicable to a Retaliation Claim**

It is well-established that prison inmates have a constitutional right to freedom from retaliation for engaging in activity protected by the First Amendment, including pursuing "'civil rights litigation in the courts.'" Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir.2005) (quoting Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995)). A retaliation claim brought by a prisoner has five elements. First, plaintiff must allege facts showing that he engaged in conduct protected by the First Amendment. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir.2012). Second, a "plaintiff must claim that the defendant took adverse action against the plaintiff." Id. (citing Rhodes, 408 F.3d at 567.) "The adverse action need not be an independent constitutional violation." Id. (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995). Third, plaintiff must allege facts showing a causal connection between the protected conduct and the adverse action. Id. Fourth, the plaintiff must allege and prove either a chilling effect on the exercise of First Amendment rights or some other harm. Id. Finally, plaintiff must allege facts showing that the retaliatory action "'did not advance legitimate goals of the correctional institution.'" Id. (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985)).

**VI. Discussion**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court will therefore dismiss the complaint and grant plaintiff leave to file an amended complaint. In any amended complaint plaintiff elects to file, he must allege facts clarifying the nature of his claims. If plaintiff is attempting to proceed with a retaliation claim, he must allege facts clarifying what protected activity has caused his to suffer retaliation. He must be specific in his allegations about how defendants were aware that he was involved in a protected activity and what adverse action defendants engaged in to retaliate against him. Plaintiff is also advised to refer to the legal standards set forth herein in drafting any amended complaint he elects to file.

/////

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, the court notes that with each pleading plaintiff has filed in this action, he has attempted to add new defendants. Plaintiff is advised that this action should proceed only as to defendants located at CSP-Sacramento. For alleged violations of plaintiff's constitutional rights that occurred at CSP-Corcoran, plaintiff should file a new and separate civil rights action in the Fresno Division of the United States District Court for the Eastern District of California. See Local Rule 120(d).

**VII. Other Requirements Governing an Amended Complaint**

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VIII. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on July 19, 2012 are vacated.

/////

5

2. Plaintiff's August 7, 2012 application to proceed in forma pauperis (ECF No. 16) is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's July 30, 2012 complaint (ECF No. 13) is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided with this order and answer each question; failure to file an amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

6. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

Dated:  September 28, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wat2510.14